# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.

**DOMENICO CINGARI**

Case Number. 8:14-cr-54-T-36AAS
USM Number: 61992-018

Stephen M Crawford, Retained

## JUDGMENT IN A CRIMINAL CASE

Defendant was found guilty of Counts One, Five, Six, Eight, Nine, Ten, Eleven, Twelve, and Thirteen of the Second Superseding Indictment. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1546(a), 1341, and 371 | Conspiracy to Make a Material False Statement in an Immigration Application or Mail Fraud | October 2011 | One |
| 18 U.S.C. §§ 1546(a) and 2 | Making a Material False Statement in an Immigration Application | July 9, 2010 | Five |
| 18 U.S.C. §§ 1546(a) and 2 | Making a Material False Statement in an Immigration Application | August 13, 2010 | Six |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | July 13, 2010 | Eight |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | August 13, 2010 | Nine |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | November 15, 2010 | Ten |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | December 27, 2010 | Eleven |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | October 3, 2011 | Twelve |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | October 3, 2011 | Thirteen |

Defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The underlying Superseding Indictment is dismissed on the motion of the Assistant United States Attorney.

**Domenico Cingari**
**8:14-cr-54-T-36AAS**

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

May 5, 2017

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

May 8, 2017

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 97 MONTHS.  This term consists of terms of 97 months on Counts One, Five, Six and Eight through Thirteen, all such terms to run concurrently.

Defendant is remanded to the custody of the United States Marshal.

The Court makes the following recommendation to the Bureau of Prisons:

Defendant be incarcerated at the closest correctional facility with the appropriate security level to FCC Coleman.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**Domenico Cingari**
**8:14-cr-54-T-36AAS**

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant shall be on supervised release for a term of 3 YEARS. This term consists of a 3 year term as to each Count, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the Court orders Defendant to submit to random drug testing not to exceed 104 tests per year.
4. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the attached pages).

Defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4. Defendant must answer truthfully the questions asked by Defendant's probation officer
5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.
7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction. The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____   Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. Defendant shall provide the probation officer access to any requested financial information.

2. Defendant shall provide the probation officer access to any requested financial information.

3. Defendant shall refrain from engaging in any employment related to immigration services or other legal services.

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| TOTALS | $900.00        | N/A                  | WAIVED   | TBD             |

Defendant shall make restitution (including community restitution) in an amount to be determined at the restitution hearing on May 10, 2017.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## FORFEITURE

The Forfeiture Money Judgment and Preliminary Order of Forfeiture (Doc. 173) entered on December 5, 2016; the Preliminary Order of Forfeiture for Substitute Asset (Doc. 183) entered on January 6, 2017; and the Amended Forfeiture Money Judgment (Doc. 219) entered on March 16, 2017 are made a part of the Judgment.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 8:14-cr-54-T-36EAJ

ROSA ENEDIA PAZOS CINGARI and
DOMENICO CINGARI

**FORFEITURE MONEY JUDGMENT
AND PRELIMINARY ORDER OF FORFEITURE**

THIS CAUSE comes before the Court upon the United States of America's Motion for:

(1)  A Forfeiture Money Judgment in the amount of $369,000.00, representing the proceeds obtained from the commission of the offenses charged in the Second Superseding Indictment; and

(2)  A Preliminary Order of Forfeiture for the following asset, which was involved in, traceable to proceeds of, and/or property used to facilitate the offenses for which the Defendants were convicted:

> a.  The real property located at 130 West Park Street, Lakeland, Florida 33803, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> Lots 7 and 8, Block "K" Dixieland addition to Lakeland, Polk County, Florida, less and except the East 10 Feet of Lot 7 thereof, according to plat thereof recorded in Plat Book 1, Page 67, Public Records of Polk County, Florida.
>
> Parcel Identification Number: 23-28-24-117500-037071.

Being fully advised of the relevant facts, the Court finds that the above-identified asset is property that was involved in (1) the conspiracies to commit immigration document fraud and mail fraud; (2) immigration document fraud; (3) mail fraud; and/or (4) property used to facilitate the conspiracies and/or fraud for which the Defendants were convicted.

Based on the evidence presented at trial, the Court further funds that as a result of the conspiracy and fraud offenses, the Defendants received criminal proceeds in the amount of $369,000.00.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' Motion for Forfeiture Money Judgment and Preliminary Order of Forfeiture (Doc. 158) is **GRANTED**.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the above-identified asset is forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Defendants shall be held jointly and severally liable for a forfeiture money judgment in the amount of $369,000.00.

It is FURTHER ORDERED that this order shall become a final order of forfeiture as to the Defendants at the time it is entered.

2

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property.

DONE and ORDERED in Tampa, Florida, this 5th day of December, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
James A. Muench, AUSA
Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:14-cr-54-T-36EAJ

ROSA ENEDIA PAZOS CINGARI
and
DOMENICO CINGARI

## PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSET

The United States moves pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(e)(1)(B), for a preliminary order of forfeiture for the following substitute asset, in partial satisfaction of the Defendants' $369,000.00 Forfeiture Money Judgment:

    a.    The real property located at 4114 Baywater Place, Lakeland, Florida, 33812, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

        Lot 35, Hyde Park Estates, according to the map or plat thereof as recorded in Plat Book 123, Pages 4 and 5, Public Records of Polk County, Florida.

        Parcel Identification Number: 142924-283147-000350.

On December 5, 2016, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6), and 28 U.S.C. § 2461(c), the Court entered a Forfeiture Money

Judgment against the Defendants in the amount of $369,000.00 and a Preliminary Order of Forfeiture. Doc. 173.

The United States is entitled to forfeit the substitute asset identified above, in partial satisfaction of the Defendants' Forfeiture Money Judgment.

Accordingly, it is **ORDERED** that the United States' Motion for Preliminary Order of Forfeiture for Substitute Asset (Doc. 177) is **GRANTED**.

It is FURTHER ORDERED that, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(e)(1)(B), the real property described above is FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), in partial satisfaction of the Defendants' $369,000.00 Forfeiture Money Judgment.

It is FURTHER ORDERED that this order shall become a final order of forfeiture as to the Defendants at sentencing.

Assuming no third party files a successful claim to the real property, the net proceeds from the sale of the forfeited real property will be credited towards satisfaction of the Defendants' Forfeiture Money Judgment.

2

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any other substitute asset forfeited to the United States up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 6th day of January, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
James A. Muench, AUSA
Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　Case No. 8:14-cr-54-T-36EAJ

ROSA ENEDIA PAZOS CINGARI
and DOMENICO CINGARI

### AMENDED FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States' Motion for an Amended Forfeiture Money Judgment (Doc. 210), filed on March 1, 2017, in the amount of $740,880.00, representing the amount of proceeds obtained from the commission of the offenses charged in the Second Superseding Indictment for which the Defendants were convicted.

Based on the evidence presented at trial, the Court finds that as a result of the conspiracy and fraud offenses, the Defendants received criminal proceeds in the amount of $740,880.00.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' Motion for an Amended Forfeiture Money Judgment (Doc. 210) is **GRANTED**.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the

Federal Rules of Criminal Procedure, the Defendants shall be held jointly and severally liable for a forfeiture money judgment in the amount of $740,880.00.

It is FURTHER ORDERED that this order shall become a final order of forfeiture as to the Defendants at the time it is entered.

The Court retains jurisdiction to complete the forfeiture and disposition of any property belonging to the Defendants that the government is entitled to seek under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), as a substitute asset to satisfy the Defendants' money judgment.

DONE and ORDERED in Tampa, Florida, on 16th March, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
All Parties/Counsel of Record

2